EDWARD RIVETT *vs.* MARY F. RIVETT.

Suffolk.   January 9, 1908. — March 2, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Probate Court,* Appeal.   *Supreme Judicial Court.   Superior Court.   Jurisdiction.   Husband and Wife.*

An appeal from a decree of the Probate Court made upon a petition by a husband under St. 1906, c. 129, that the husband had been deserted by his wife and was living apart from her for justifiable cause, and that he might thereafter convey his real property as if he were sole, and that she should not be entitled to waive the provisions of any will made by him, should be taken to the Supreme Judicial Court of the county in which the petition was brought, and not to the Superior Court.

PETITION, filed in the Probate Court for the county of Suffolk under St. 1906, c. 129.

On appeal to this court, the case was reserved for consideration of the full court by *Sheldon, J.*   The facts are stated in the opinion.

The case was submitted on briefs.

*C. W. Bartlett & E. R. Anderson,* for the petitioner.

*W. H. Niles, E. M. Stevens & E. S. Underwood,* for the respondent.

KNOWLTON, C. J.   This is a petition, brought by a husband under the St. 1906, c. 129, against his wife, alleging that she has deserted him, and is now living apart from him without justifiable cause.   From a decree in favor of the petitioner an appeal was taken to the Supreme Judicial Court, and a motion to dismiss the appeal has been filed, on the ground that it should have been taken to the Superior Court.   This statute contains no provision in regard to appeals, and the question must be decided under previously existing laws.

By the R. L. c. 162, § 8, the Supreme Judicial Court is given "appellate jurisdiction of all matters which are determinable by the probate courts and by the judges thereof, except as otherwise expressly provided."   Express provision is made for appellate jurisdiction in the Superior Court over certain matters from the Probate Court, by the R. L. c. 162, § 18, c. 142, § 11,

and c. 86, § 28.   Some of these are very similar in character to that embraced in the present petition, and if special consideration were to be given to the subject, it might be expected, following the analogies of similar statutes, that provision would be made for taking appeals under the statute of 1906, c. 129, to the Superior Court.   But in the absence of any express provision touching this particular subject, it must be governed by the R. L. c. 162, § 8.   The motion must be denied.

*Case to stand for hearing.*